_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **TRUSTEES OF THE EIGHTH DISTRICT ELECTRICAL PENSION FUND; and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 354**, | : : : | Civil No. 2:09-cv-00632 |
| Plaintiffs, | : | **RULING & ORDER** |
| vs. | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| **WASATCH FRONT ELECTRIC AND CONSTRUCTION, LLC; LARSEN ELECTRIC, LLC and SCOTT R. LARSEN, individually;** | | **DISTRICT COURT JUDGE CLARK WADDOUPS** |
| Defendants. | | |

_____

Three motions are currently pending before this Court: (1) Plaintiffs' Motion To Amend Scheduling Order;[1] (2) Plaintiffs' Motion For Leave To File A Second Amended Complaint;[2] and (3) Defendants' Motion For Protective Order.[3] Each motion is now addressed separately herein.

---

[1] Document Number 66.

[2] Document Number 63.

[3] Document Number 98.

## Plaintiffs' Motion To Amend Scheduling Order[4]

Plaintiffs move the Court to amend the current scheduling order thereby extending the cut-off date for fact discovery from July 16, 2010, (the date on which plaintiffs' motion to amend was filed) to August 31, 2010. Plaintiffs seek more time within which to conduct additional depositions.

Given that the August 31, 2010, date has past, the Court finds plaintiffs' motion to amend is moot. If there are additional scheduling issues remaining, the parties are requested to confer and submit a proposed amended scheduling order for the Court's review.

## Plaintiffs' Motion To File Second Amended Complaint[5]

Plaintiffs filed their initial complaint on July 16, 2009.[6] Thereafter, plaintiffs' first motion to amend was granted by the Court on December 16, 2009.[7] On June 9, 2010, plaintiffs filed their currently pending "Motion For Leave To File Second Amended Complaint" in which they seek the addition of a fifth claim for relief under the Utah Fraudulent Transfer Act, Utah Code Section 25-6-1et. seq.

"A court properly may deny a motion for leave to amend as futile when the amended complaint would be subject to dismissal for any reason".[8] Here, the Court finds that amendment of plaintiffs' proposed complaint would ultimately be futile for

---

[4] Document Number 66.

[5] Document Number 63.

[6] Complaint, Document Number 1.

[7] Document Number 18.

[8] Bauchman v. West High School, 132 F.3d 542, 562 (10th Cir.)

failure to meet the requirements of Federal Rule of Civil Procedure 8. Accordingly, for the reasons set forth below, plaintiffs' motion to amend is denied.

Plaintiffs' proposed amended complaint sets out the predicate for their fraudulent transfer claim stating,

> "[s]ubsequent to the date upon which Plaintiffs' claim arose against Defendant Larsen Electric, Defendants Larsen Electric and/or Scott R. Larsen have transferred assets, income, and/or the business operations of Larsen Electric to other persons or entities without receiving reasonablely equivalent value in exchange therefore."[9]

While defendants argue that plaintiffs have "artfully" attempted to hide a claim for intentional fraudulent transfer (to which the specific requirements of Rule 9(b) may apply) as a constructive transfer claim, the Court concludes that its review is confined to the body of the proposed amended complaint which merely evidences a claim for constructive fraudulent transfer.[10]

Federal Rule of Civil Procedure 8(a)(2), applicable to plaintiffs' claim for constructive fraudulent transfer, states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Recently, in the Supreme Court cases of <u>Bell Atlantic v. Twombly</u>[11] and <u>Ashcroft v. Iqbal</u>,[12] the United

---

[9] Proposed Amended Complaint, ¶58. Docket No. 63-1.

[10] In general courts apply Rule 9(b)'s requirements to intentional fraudulent transfer cases although there is some disagreement amongst the circuits. As opposed to a constructive transfer claim, an intentional transfer claim requires an "actual intent to hinder, delay or defraud." <u>In re Sharp International Corporation</u>, 403 F.3d 43, 56 (2d Cir. 2005). Pleading an intentionally fraudulent transfer case in accordance with Rule 9(b) requires plaintiff allege "(1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer and (3) the consideration paid with respect thereto." <u>Pereira v. Grecolas Ltd. (In re Saba Enters)</u>, 421 B.R. 626, 640 (Bankr. S.D.N.Y. 2009). Given this standard, even if plaintiffs' complaint was interpreted as a claim for intentional fraudulent transfer, plaintiffs clearly have not met the pleading requirements for such a cause of action.

[11] 550 U.S. 544 (2007).

[12] 129 S. Ct. 1937 (2009).

States Supreme Court further clarified Rule 8 pleading requirements by setting forth two underlying principles. First, the Court noted that while a complaint does not require "detailed factual allegations" it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."[13] And, while the current Rule 8 does mark a notable departure from the former "hyper-technical" pleading standards, it certainly "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[14] Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[15] In order to state a plausible claim, the cause of action stated in the complaint must "contain sufficient factual matter."[16]

Upon consideration of the Twombly and Iqbal factors, the Court concludes that plaintiffs' claim for fraudulent transfer fails to meet the pleading standard set forth under Rule 8 and therefore amendment would be futile. As an initial matter, the complaint fails to sufficiently allege facts to establish the existence of a fraudulent transfer. Plaintiffs complaint consists merely of a "formulaic recitation" of the fraudulent transfer elements absent any factual enhancements.[17] Additionally, even if the Court took into consideration the assertions set forth in plaintiffs' accompanying memorandum, the claims allege nothing more than: Larsen Electrical's formation of two new businesses

---

[13] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[14] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950.

[15] Id. at 1950.

[16] Id. at 1949.

[17] Twombly, at

4

which report the same business address as Larsen Electric,[18] and the presence of Larsen Electric's former employees at the business address.[19] Even considering the claim that defendants have created new businesses where former Larsen Electric employees have been located, there is no evidentiary support for a plausible claim for fraudulent transfer. Neither in the complaint nor in the memorandum are there any facts alleged to support an actual transfer or an intent to transfer.[20] Accordingly, plaintiffs' motion for leave to file their second amended complaint is denied as futile.

## Defendants' Motion For Protective Order[21]

On July 15, 2010, plaintiffs deposed defendant Scott Larsen and questioned him about Larsen Electric DCAC, LLC and Larsen Electrical HRC, LLC.[22] On August 18, 2010, plaintiffs noticed a second deposition of Mr. Larsen scheduled for August 27, 2010.[23] Defendants objected to the second deposition of Mr. Larsen, and after communication with plaintiffs' counsel the parties agreed to postpone the second deposition until the Court ruled upon plaintiffs' motion seeking amendment to add a cause of action for fraudulent transfer.[24]

Given that this Court has denied plaintiffs' motion to amend allowing the addition

---

[18] Larsen Electric DCAC, LLC and Larsen Electric HRC, LLC.

[19] Plaintiff's Memorandum In Support, pgs. 3-4; Document Number 64.

[20] See, UCA § 25-6-5 "Fraudulent transfer—Claim arising before or after transfer"; UCA § 25-6-6 "Fraudulent transfer—Claim arising before transfer".

[21] Document Number 98.

[22] Deposition of Scott Larsen, Document Number 101 (sealed).

[23] Notice of Deposition of Scott Larsen, Document 99-1.

[24] Plaintiffs' Memorandum In Support, pg. 5 ¶11; Document Number 99.

of a fraudulent transfer claim, and pursuant to federal rule of civil procedure 30(a)(2)(A)(ii),[25] the Court hereby grants defendants' motion for protective order shielding Mr. Larsen from a second deposition and quashing any notice thereof. Absent their fraudulent transfer claim, plaintiffs fail to articulated any other justification for a second deposition of Mr. Larsen.

Accordingly, defendants' motion for protective order is granted.

DATED this 22nd day of September, 2010.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge

---

[25] Rule 30. Depositions by Oral Examination.
    (a)(2) When a Deposition May Be Taken With Leave. "A party must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
        (A) if the parties have not stipulated to the deposition and:
            (ii) the deponent has already been deposed in the case." Here, Mr. Larsen was previously been deposed by plaintiffs on July 15, 2010.