IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRUSTEES OF THE EIGHTH DISTRICT ELECTRICAL PENSION FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 354, <br><br> Plaintiffs, <br><br> vs. <br><br> WASATCH FRONT ELECTRICAL AND CONSTRUCTION, *et al.*, <br><br> Defendants. | ORDER and <br> MEMORANDUM DECISION <br><br><br> Case No. 2:09-CV-632 CW |

On December 22, 2010, the court ruled on several motions and took other matters under advisement. Specifically, the court took under advisement Plaintiffs' motion for partial summary judgment on withdrawal liability (Dkt. No. 23) and Plaintiffs' objection to Magistrate Judge Wells' Ruling and Order of September 22, 2010. In this Order, the court rules on those pending matters.

**I.      Withdrawal Liability**

In Plaintiffs' motion for summary judgment for withdrawal liability, Plaintiffs contend that WF Electric, Larsen Electric and Scott R. Larsen are all responsible as a matter of law for withdrawal liability relating to WF Electric's withdrawal from the pension plan administered by the Plaintiffs. WF Electric concedes that it is liable for withdrawal liability, but Larsen Electric

and Mr. Larsen both deny that they are liable.  The court addresses the potential liability of these parties in turn below.

   A.   **Larsen Electric**

For purposes of withdrawal liability, "all employees of two or more trades or business under common control . . . for any period shall be treated as employed by a single employer." 26 C.F.R. § 1.414(c)-1.  The Plaintiffs argue that Larsen Electric is liable for WF Electric's withdrawal liability because it is part of a "brother-sister group of trades or businesses under common control" with WF Electric.  Under Treasury regulations, such a group is defined as follows:

> The term "brother-sister group of trades or businesses under common control" means two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of § 1.414(c)-4) a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization.  The five or fewer persons whose ownership is considered for purposes of the controlling interest requirement for each organization must be the same persons whose ownership is considered for purposes of the effective control requirement.

26 C.F.R. § 1.414(c)-2(c).  A "controlling interest" is ownership of 80% or more of the applicable interest in an entity.  26 C.F.R. § 1.414(c)-2(b)(ii)(2).

The parties do not dispute that Mr. Larsen is the 100% owner of Larsen Electric.  It is also undisputed that Mr. Larsen owned 77.5% of WF Electric.  Plaintiffs assert in their reply brief that Mr. Larsen actually owned over 80% of WF Electric because Mr. Larsen's brother's 7.5% ownership share of that company was not genuine and should be attributed to Mr. Larsen. Because this argument was made in reply, and Mr. Larsen would almost undoubtedly dispute that

his brother's share was a sham, the court will not consider this argument here.

While WF Electric is owned by five or fewer persons, Mr. Larsen is the only common owner between Larsen Electric and WF Electric. Mr. Larsen is thus the only owner whose percentage of ownership across those two entities can be compared. *See, e.g.*, *Central States, S.E. and S.W. Areas Pension Fund v. Creative Dev. Co*, 232 F.3d 406, 421 (5th Cir. 2000) (in common ownership analysis, courts should look at common owner's smallest percentage).

Because there is a dispute over whether Mr. Larsen owned 80% or more of WF Electric, the court cannot find as a matter of law that Mr. Larsen had a "controlling interest" in WF Electric. Because Mr. Larsen is the only common owner between Larsen Electric and WF Electric, then, the court cannot find as a matter of law that there is "common control" over the two to such that they are members of a "brother-sister group of trades or business under common control." As such, Plaintiffs' motion for judgment that Larsen Electric is liable for WF Electric's withdrawal liability is DENIED.

**B.     Mr. Larsen**

The Plaintiffs contend that Mr. Larsen should be held personally liable for WF Electric's withdrawal liability. In support, Plaintiffs state that Mr. Larsen owns and rents equipment to WF Electric. Plaintiffs argue that Mr. Larsen's ownership of the equipment is a sole proprietorship, and that Mr. Larsen's proprietorship is in a common control group with WF Electric. As explained above, however, since Mr. Larsen's ownership of WF Electric did not undisputedly exceed 80%, the court cannot find that he had "common control" over that entity. Accordingly, the court cannot find as a matter of law that WF Electric and Mr. Larsen's proprietorship were in a common control group. Accordingly, Plaintiffs' motion for judgment that Mr. Larsen is

personally responsible for WF Electric's withdrawal liability is DENIED.

**II.     Objection to Ruling and Order**

On September 22, 2010, Magistrate Judge Brooke C. Wells, who is assigned to this case pursuant to 28 U.S.C. 636(b)(1)(A), issued an order denying Plaintiffs' motion to amend the complaint to add a claim under Utah's fraudulent transfer statute. In short, Judge Wells reasoned that Plaintiffs had not plead sufficient facts to make their fraudulent transfer claim plausible. Plaintiffs objected to this order, asserting two errors. First, Plaintiffs argue that Judge Well's denial of their motion to amend was tantamount to a ruling on the merits. Second, they argue that Judge Wells erred in ruling that their proposed fraudulent transfer claim is futile.

Plaintiffs' objection does not prevail. In the proposed amended complaint, Plaintiffs fail to allege any facts to support the conclusory allegations reciting the bare elements of the claim. Such conclusory allegations must be disregarded by the court in considering whether a complaint states a cause of action. Absent the conclusory allegations, Plaintiffs allege no facts that would support a plausible claim for constructive fraudulent transfer. Plaintiffs attempt to defend the proposed amendment by reference to facts set out in their memorandum or by reference to discovery. It is well established that a complaint may not be amended by reference to facts stated in a memorandum. A defendant is entitled to have the facts against which it must defend stated in the complaint. The court makes no ruling on whether facts set out in the memorandum and by reference to discovery may or may not state a claim if appropriately pled in a proposed amended complaint for which Plaintiffs have sought leave to file. The court cannot find error in Judge Wells' conclusion that the fraudulent transfer claim is not sufficient.

Accordingly, Plaintiffs' objection to Judge Well's Order is OVERRULED. Nonetheless,

Plaintiff is granted leave to again move to amend to sufficiently state a claim under Utah's fraudulent transfer statute. Any such motion must be made by August 29, 2011.

## CONCLUSION AND ORDER

For the foregoing reasons, the court ORDERS as follows:

Plaintiffs' motion for partial summary judgment (Dkt. No. 23) is GRANTED in part as to WF Electric and DENIED in part as to Larsen Electric and Mr. Larsen and;

Plaintiffs' objection to Magistrate Wells' order is OVERRULED.

SO ORDERED this 23rd day of August, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge